**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JOHN ANIGBOGU, <br><br>    *Plaintiff*, <br><br>   v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., et al., <br><br>    *Defendants*. | No. 23-cv-21732 (MEF)(CLW) <br><br> **OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the allegations and procedural history of this case.

\* \* \*

John Anigbogu (the "Plaintiff") has pressed claims under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") against Trans Union LLC (the "Defendant"). See Complaint at 3.

The Defendant now moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). See Motion to Dismiss at 1.

The motion is granted.

\* \* \*

The Plaintiff is not represented by a lawyer, so his Complaint must be "liberally construe[d]." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013). This said, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Id. at 245.

The "sufficient facts" obligation means that a plaintiff must put forward allegations that together add up to a "plausible" claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] formulaic recitation of the elements of a cause of action will

1

not do." Id. This is because allegations that just restate legal elements do not count. They must be put to one side, and the Court must then assess the factual allegations that are left behind. See id. at 678, 687; see also Badalamenti v. Resideo Techs., Inc., 2024 WL 4661010, at *2 (D.N.J. Nov. 4, 2024).

\* \* \*

With these principles in mind, look first to the Plaintiff's FDCPA claim.

"To prevail on an FDCPA claim, a plaintiff must" allege that "the defendant is a debt collector." Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014); accord Tepper v. Amos Fin., LLC, 898 F.3d 364, 366 (3d Cir. 2018).

But the Plaintiff has not made that allegation. See Complaint at 2-3.

Therefore, his FDCPA claim cannot go forward. See Baker v. Experian Info. Sols., Inc., 2024 WL 511651, at *2 (D.N.J. Feb. 9, 2024); see also Alexander v. Acceptance Now, 2024 WL 2852101, at *5 (W.D. Pa. Apr. 30, 2024), report and recommendation adopted, 2024 WL 2846576 (W.D. Pa. June 5, 2024); cf. Perry v. Equifax Info. Servs., LLC, 2023 WL 6579160, at *4 (D.N.J. Oct. 10, 2023) (rejecting conclusory allegation that defendant "is a 'debt collector'"); Allen v. United Student Aid Funds, Inc., 2018 WL 4680023, at *5 (S.D.N.Y. Sept. 28, 2018) (similar); Cooper v. Pressler & Pressler, LLP, 912 F. Supp. 2d 178, 184 n.6 (D.N.J. 2012) (similar).

\* \* \*

Turn now to the Plaintiff's FCRA claims.

The Plaintiff alleges that his credit report is "inaccurate," see Complaint at 3 --- and two other things, too. First, that the Defendant did not sufficiently investigate whether the credit report was accurate. See id. And second, that the Defendant did not send him any "verification" as to certain information. See id.

These allegations appear to turn on two sections of the FCRA.

One is 15 U.S.C. § 1681e(b), "which requires [credit-reporting agencies] to include only accurate information on consumers' credit reports." Bibbs v. Trans Union LLC, 43 F.4th 331, 342 (3d Cir. 2022).

The other is 15 U.S.C. § 1681i(a), which requires credit-reporting agencies to "promptly reinvestigate any information in a consumer's file that is disputed by a consumer." Cortez v. Trans Union, LLC, 617 F.3d 688, 712 (3d Cir. 2010). "To fulfill its obligation under § 1681i(a)[,] a credit reporting agency may be required, in certain circumstances, to verify the accuracy of its initial source of information." Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997) (cleaned up).

These two sections of the FCRA, § 1681e(b) and § 1681i(a), share an element in common.

To make out a claim under § 1681e(b), a plaintiff must allege that "inaccurate information was included in a consumer's credit report." See Bibbs, 43 F.4th at 342. And same thing under § 1681i(a) --- to state a claim under that section of the FCRA, a plaintiff must allege "that the reported information was in fact inaccurate." Id. at 344.

Bottom line: "a plaintiff must show an inaccuracy to proceed under either § 1681e(b) or § 1681i(a)." Id. at 344-45.[1]

But the Plaintiff's allegations here do not check this box.

In his Complaint, the Plaintiff alleges that his credit report was "inaccurate." See Complaint at 3. But he says nothing else that is relevant. Nothing, for example, as to the part of the report that was allegedly inaccurate or why he believes it was. And while the Plaintiff contends that his credit report "failed to reflect the true nature of my payment history," id., he presses no allegations as to what his payment history was, or what was "[un]true" about how it was reported.

The Plaintiff's allegations are too spare. They are not enough.

As to why, look to Williams v. Experian Information Solutions, Inc., 2024 WL 3439776 (3d Cir. July 17, 2024). There, a pro se plaintiff sued for violations of the FCRA. He alleged that the defendant reported "inaccurate" information. See id. at *1. The court of appeals held his allegations were conclusory and failed to state a claim. See id. Even the complaint's most specific allegation --- that "the inaccurate information includes a credit card account from [a credit union] that represented a balance and a late payment" --- "did not allege how or why that information was inaccurate or how [the

---

[1] Courts "apply the same understanding of 'inaccurate' in analyzing § 1681e and § 1681i claims." Id. at 345 (cleaned up).

3

defendant] should have reported it." Id.; see also id. at *1 n.2.

Other cases land on the same conclusion: failure to plausibly allege an inaccuracy cuts off claims under both § 1681e(b) of the FCRA and § 1681i(a). See, e.g., Berry v. Equifax Info. Servs., LLC, 2024 WL 3696487, at *4 (E.D. Pa. Aug. 7, 2024); Mills v. L. Offs. of Mitchell D. Bluhm & Assocs., 2023 WL 7039496, at *5 (D.N.J. Oct. 26, 2023); Green v. Experian, 2023 WL 6296923, at *3 (E.D. Pa. Sept. 27, 2023); Ahmad v. Equifax Info. Servs. LLC, 2023 WL 5831850, at *3 (E.D. Pa. Sept. 8, 2023); Peeples v. Equifax Info. Servs. LLC, 2023 WL 4374411, at *3 (E.D. Pa. July 6, 2023); Cruel v. Experian, 2023 WL 4140828, at *2 (E.D. Pa. June 22, 2023); Whiteford v. Equifax Inc., 2021 WL 3683293, at *3 (W.D. Pa. Aug. 18, 2021); Shastri v. Experian Info. Sols., Inc., 2021 WL 2896001, at *2 (D.N.J. July 9, 2021).

Bottom line: because the Plaintiff has not alleged an inaccuracy, his FCRA claims cannot go forward.

\*   \*   \*

Trans Union LLC's motion to dismiss is granted. This dismissal is without prejudice.

IT IS on this 15th day of January, 2025, SO ORDERED.

_____
Michael E. Farbiarz, U.S.D.J.